UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03607-RGK-PD Date: October 19, 2026

Title *Kevin J. Reddy v. Riverside County Sheriff's Department*

Present: The Honorable Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| --- | --- |
| N/A | N/A |

**Proceedings (In Chambers): Order Dismissing Complaint with Leave to Amend**

On July 23, 2026, Kevin J. Reddy ("Plaintiff"), proceeding *pro se*, filed a complaint under 42 U.S.C § 1983 against Riverside County Sheriff's Department ("RCSD"), alleging violations of his rights under the Fourth and Eighth Amendments. Dkt. No. 5.

After screening the Complaint, the Court finds that it is subject to dismissal without prejudice.[1] Plaintiff will be given an opportunity to file a First Amended Complaint following the Court's guidance below.

## I. Summary of Factual Allegations and Claims

Plaintiff alleges that on October 24, 2024, RCSD served an "illegal warrant" at his home in Indio, California. *Id.* at 4.[2] He states that the warrant was issued for "absconding from parole" but that he had been "ordered officially off and removed from parole" on October 14, 2024, by the

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[2] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

parole judge in the Banning court. *Id.* Plaintiff contends the warrant was illegal because he had been removed from parole before the warrant was served. *Id.*

Plaintiff further alleges that he was "prone on the ground flat face to the ground" when deputies handcuffed him behind his back, despite his not resisting. *Id.* He alleges that the deputies then brutally beat him while his arms were restrained, causing him to fear for his life as multiple deputies attacked him. *Id.* Plaintiff alleges that he "suffered a broken r[igh]t orbital permanent damage to both eyes permanent injuries to spine right shoulder and left foot." *Id.* He further states that deputies struck him in the face multiple times with a solid object while his "face was flush with concrete." *Id.* Plaintiff alleges that the deputies then bent him backward and jumped on him, twisting and crushing him under their weight, which he contends resulted in permanent injuries to his spine, shoulder, and foot. *Id.*

Plaintiff seeks a "removal and dismissal of all charges stemming from false arrest and false arrest warrant" arising from the October 24, 2024, incident. *Id.* at 5. He also seeks reimbursement of bail money, alleging that he was subjected to "unreasonable bail" in the amount of $300,000.00 for an "alleged misdemeanor unlawful arrest unlawful bail." *Id.* Additionally, Plaintiff seeks $15 million in damages for the "permanent loss of physical function and capability of both eyes, spinal cord, right shoulder, and left foot." *Id.* Plaintiff further alleges that he suffers from pain in his spine and neck, as well as anxiety, depression, and other mental and emotional disorders, which he attributes directly to the October 24, 2024 incident. *Id.*

Plaintiff alleges his civil rights were violated under the Fourth and Eighth Amendments. *Id.* at 4.

## II. Standard of Review

In civil actions where the plaintiff is proceeding *in forma pauperis*, Congress requires district courts to dismiss the complaint "at any time" if the court determines the complaint, or any portion thereof: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 n.7 (9th Cir. 2000) (en banc).

## III. Discussion

### A. Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 requires that a complaint contains a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege factual allegations to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests." *Bell Atlantic Corp.,* 550 U.S. at 555 & n.3 (citation and quotation marks omitted).

A complaint fails to comply with Rule 8 if it does not set forth, clearly and concisely, factual allegations sufficient to provide the named defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 Fed. Appx. 742, 743 (9th Cir. 2014) (affirming district court dismissal of § 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

Here, the Complaint lacks necessary details. The Complaint does not state whether the deputies showed Plaintiff the warrant, what the deputies told him about why they had come to his house, or what happened before he was prone on the ground and handcuffed. The Complaint also does not state how many deputies were present, and does not describe each deputy and explain what each deputy did to him. To state a claim and provide Defendant with fair notice, Plaintiff must allege sufficient facts describing each deputies' individual acts or omissions and how they allegedly caused Plaintiff harm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03607-RGK-PD Date: October 19, 2026

Title *Kevin J. Reddy v. Riverside County Sheriff's Department*

The Complaint also does not state whether Plaintiff received any medical treatment and incurred any costs.

The Complaint seeks "removal and dismissal of all charges stemming from false arrest and false arrest warrant" and reimbursement of bail money arising from the October 24, 2024, incident, but it does not identify what were the charges, where they were filed, how they were related to the arrest and warrant, and what was the outcome of the charges, including whether they were dismissed.

**B. Section 1983 Claims**

To establish liability under 42 U.S.C. § 1983, a plaintiff must demonstrate that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).

There is no vicarious liability under § 1983. *Ashcroft*, 556 U.S. at 676. A government official – whether subordinate or supervisor – may be held liable under § 1983 only when his or her own actions have caused a Constitutional deprivation. *See Iqbal*, 556 U.S. at 676. Allegations regarding § 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

### C. Fourth Amendment and False Arrest/Warrant

Plaintiff seeks removal and dismissal of all charges "stemming from false arrest and false arrest warrant" arising from the October 24, 2024, incident. Dkt. No. 1 at 6. Plaintiff's claims of an illegal search and false arrest appear to be related to his pending criminal charges and/or conviction and would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487.

In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-487. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

Here, the Complaint fails to state sufficient facts to state a Fourth Amendment claim regarding false arrest or an allegedly illegal warrant. Plaintiff does not allege what charges were brought against him and whether those charges were dismissed. He does not indicate whether the matter proceeded to trial, the status of the case, or ultimate disposition of the charges, or provide any further details concerning them. Plaintiff provides no additional facts concerning the warrant or the circumstances underlying it, including when it was issued, what circumstances led to its issuance, whether it remained outstanding when RCSD executed it, or what occurred between his alleged removal from parole and the issuance or execution of the warrant. Nor does he allege the reason(s) he was placed on parole, the terms

or duration of his parole, or the circumstances surrounding his alleged removal from parole. Plaintiff is granted leave to amend this claim.

### D. Fourth Amendment Excessive Force Claim

Construed liberally, the Complaint appears to assert a Fourth Amendment claim for excessive force under 42 U.S.C. § 1983. *See Velazquez v. City of Long Beach*, 793 F.3d 1010, 1024 (9th Cir. 2015) ("[A] constitutional complaint of excessive force arises under the Fourth Amendment[.]"). Courts analyzing excessive force claims must "determin[e] whether the force used to effect a particular seizure is reasonable" by "careful[ly] balancing . . . the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The Fourth Amendment is implicated when an excessive force claim arises in the context of an arrest or investigatory stop of a free citizen. *Graham v. Connor*, 490 U.S. at 393-95 & n.10. The test for such Fourth Amendment excessive force claims is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id.* at 396-97 (internal citations omitted). "[T]he Fourth Amendment sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest." *Pierce v. Multnomah Cty.*, 76 F.3d 1032, 1043 (9th Cir. 1996); *see also Tatum v. City of San Francisco*, 441 F.3d 1090, 1098–99 (9th Cir. 2006); *Lolli v. Cty. of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).

The reasonableness of an officer's use of force is determined by balancing the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983). In determining whether the force utilized is objectively reasonable,

courts consider: "(1) 'the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted,' (2) 'the government's interest in the use of force,' and (3) the balance between 'the gravity of the intrusion on the individual' and 'the government's need for that intrusion.'" *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc) (quoting *Glenn v. Washington Cnty*., 673 F.3d 864, 871 (9th Cir. 2011)).

The Complaint lacks critical details about the incident at issue, including the sequence of events after the RCSD deputies arrived at his house, what occurred before Plaintiff was placed "prone on the ground" and handcuffed, the number and descriptions of the deputies who allegedly used force against him, and any discussions between Plaintiff and the deputies. Plaintiff is granted leave to amend this claim.

### E. Eighth Amendment Claim

Plaintiff alleges that his Eighth Amendment rights were violated. Dkt. No. 5 at 4. However, Plaintiff alleges no facts in support of an Eighth Amendment claim. Plaintiff is granted leave to amend his Complaint.

## IV. Order

For the foregoing reasons, the Complaint is dismissed with leave to amend. Because the Complaint may be amended to state a cognizable excessive force claim, Plaintiff may file a First Amended Complaint no later than **November 16, 2026**. Plaintiff is advised that a First Amended Complaint would entirely replace the Complaint in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03607-RGK-PD Date: October 19, 2026

Title *Kevin J. Reddy v. Riverside County Sheriff's Department*

Any amended complaint must:

(a) be labeled "First Amended Complaint;"
(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;
(c) contain a "short plain" statement of the claim(s) for relief, see Fed. R. Civ. P. 8(a);
(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); and
(f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured plaintiff.

If, given the contents of this Order, Plaintiff chooses not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by **November 16, 2026**, which will result in the voluntary dismissal of this action without prejudice.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

IT IS SO ORDERED.

Attachments:
--Central District of California Civil Rights Complaint Form (CV-66)
--Notice of Voluntary Dismissal (CV-09)